# In the United States Court of Federal Claims
## OFFICE OF SPECIAL MASTERS
No. 09-803V
**Filed: November 14, 2013**

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \*
STACEY and RENEE WYLER, legal
representatives of a minor child,
MORGAN ALEXANDRA WYLER,

            Petitioners,

v.

SECRETARY OF HEALTH
AND HUMAN SERVICES,

            Respondent.
\* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

UNPUBLISHED

Special Master Dorsey

Joint Stipulation on Damages;
Diphtheria-Tetanus-acellular
Pertussis (DTaP); Measles-Mumps
Rubella (MMR); oral Polio (OPV)
vaccines; adverse reaction and
injuries.

Lisa Annette Roquemore, Law Offices of Lisa A. Roquemore, Irvine, CA, for petitioners.
Althea Walker Davis, United States Dept. of Justice, Washington, DC, for respondent.

## DECISION[1]

On November 20, 2009, Stacey and Renee Wyler (petitioners), legal representatives of a minor child, Morgan Alexandra Wyler ("Morgan"), filed a petition pursuant to the National Vaccine Injury Compensation Program.[2] 42 U.S.C. §§ 300aa-1 to -34 (2006). Petitioners alleged that Morgan sustained a vaccine-related injury as a result of her receipt of the Diphtheria-Tetanus-acellular Pertussis ("DTaP"), Measles-Mumps-Rubella ("MMR"), and oral Polio ("OPV") vaccines, which she received on or about August 21, 2006. Petitioners allege that

---

[1] Because this decision contains a reasoned explanation for the undersigned's action in this case, the undersigned intends to post this ruling on the website of the United States Court of Federal Claims, in accordance with the E-Government Act of 2002, Pub. L. No. 107-347, § 205, 116 Stat. 2899, 2913 (codified as amended at 44 U.S.C. § 3501 note (2006)). As provided by Vaccine Rule 18(b), each party has 14 days within which to request redaction "of any information furnished by that party: (1) that is a trade secret or commercial or financial in substance and is privileged or confidential; or (2) that includes medical files or similar files, the disclosure of which would constitute a clearly unwarranted invasion of privacy." Vaccine Rule 18(b).

[2] The National Vaccine Injury Compensation Program is set forth in Part 2 of the National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3755, codified as amended, 42 U.S.C. §§ 300aa-1 to -34 (2006) (Vaccine Act or the Act). All citations in this decision to individual sections of the Vaccine Act are to 42 U.S.C.A. § 300aa.

Morgan experienced the residual effects of this injury for more than six months.

On November 13, 2013, the parties filed a stipulation, stating that a decision should be entered awarding compensation.

Respondent denies that the vaccines caused Morgan an adverse reaction, any other condition, or her current disabilities. Nevertheless, the parties agree to the joint stipulation, attached hereto as Appendix A. The undersigned finds the stipulation reasonable and adopts it as the decision of the Court in awarding damages, on the terms set forth therein.

The parties stipulated that petitioners shall receive the following compensation:

**A lump sum of $300,000.00, in the form of a check payable to Stacey and Renee Wyler, petitioners, as guardians of the estate of Morgan Alexandra Wyler.** This amount represents compensation for all damages that would be available under 42 U.S.C. § 300aa-15(a).

Stipulation ¶ 8.

The undersigned approves the requested amount for petitioner's compensation. Accordingly, an award should be made consistent with the stipulation.

In the absence of a motion for review filed pursuant to RCFC Appendix B, the clerk of the court **SHALL ENTER JUDGMENT** in accordance with the terms of the parties' stipulation.[3]

**IT IS SO ORDERED.**

s/ Nora Beth Dorsey
Nora Beth Dorsey
Special Master

---

[3] Pursuant to Vaccine Rule 11(a), entry of judgment is expedited by the parties' joint filing of notice renouncing the right to seek review.

| | |
|---|---|
| STACEY and RENEE WYLER, legal representatives of a minor child, MORGAN ALEXANDRA WYLER, | ) ) ) ) |
| Petitioners, | ) ) ) No. 09-803V |
| v. | ) Special Master Dorsey |
| SECRETARY OF HEALTH AND HUMAN SERVICES, | ) ECF ) ) |
| Respondent. | ) ) ) |

## STIPULATION

The parties hereby stipulate to the following matters:

1. On behalf of their daughter, Morgan Alexandra Wyler ("Morgan"), petitioners filed a petition for vaccine compensation under the National Vaccine Injury Compensation Program, 42 U.S.C. §300aa-10 to 34 (the "Vaccine Program"). The petition seeks compensation for injuries allegedly related to Morgan's receipt of Diphtheria-Tetanus-acelluar Pertusis ("DTaP"), Measles-Mumps-Rubella ("MMR"), and oral Polio ("OPV") vaccines, which vaccines are contained in the Vaccine Injury Table (the "Table"), 42 C.F.R. § 100.3(a).

2. Morgan received her DTaP, MMR, and OPV vaccines on August 21, 2006.

3. The vaccines were administered within the United States.

4. Petitioners allege that Morgan sustained an adverse reaction as a result of her receipt of the vaccines, and that she further experienced residual effects of her injury for more than six months.

5. Petitioners represent that there has been no prior award or settlement of a civil action for damages on behalf of Morgan as a result of her condition.

1

6. Respondent denies that the vaccines caused Morgan an adverse reaction, any other condition, or her current disabilities.

7. Maintaining their above-stated positions, the parties nevertheless now agree that the issues between them shall be settled and that a decision should be entered awarding the compensation described in paragraph 8 of this Stipulation.

8. As soon as practicable after an entry of judgment reflecting a decision consistent with the terms of this Stipulation, and after petitioners have filed an election to receive compensation pursuant to 42 U.S.C. § 300aa-21(a)(1), the Secretary of Health and Human Services will issue the following vaccine compensation payment:

> A lump sum payment of $300,000.00 in the form of a check payable to Stacey and Renee Wyler, petitioners, as the guardians of the estate of Morgan Alexandra Wyler.

9. As soon as practicable after the entry of judgment on entitlement in this case, and after petitioners have filed both a proper and timely election to receive compensation pursuant to 42 U.S.C. § 300aa-21(a)(1), and an application, the parties will submit to further proceedings before the special master to award reasonable attorneys' fees and costs incurred in proceeding upon this petition.

10. Petitioners and their attorney represent that compensation to be provided pursuant to this Stipulation is not for any items or services for which the Program is not primarily liable under 42 U.S.C. § 300aa-15(g), to the extent that payment has been made or can reasonably be expected to be made under any State compensation programs, insurance policies, Federal or State health benefits programs (other than Title XIX of the Social Security Act (42 U.S.C. § 1396 et seq.)), or by entities that provide health services on a pre-paid basis.

2

11. Payments made pursuant to paragraph 8 and any amounts awarded pursuant to paragraph 9 of this Stipulation will be made in accordance with 42 U.S.C. § 300aa-15(i), subject to the availability of sufficient statutory funds.

12. The parties and their attorneys further agree and stipulate that, except for any award for attorneys' fees and litigation costs, the money provided pursuant to this Stipulation will be used solely for the benefit of Morgan as contemplated by a strict construction of 42 U.S.C. § 300aa-15(a) and (d), and subject to the conditions of 42 U.S.C. § 300aa-15(g) and (h).

13. Petitioners represent that they presently are, or within 90 days of the date of judgment will become, duly authorized to serve as guardians of Morgan's estate under the laws of the State of Michigan. No payments pursuant to this Stipulation shall be made until petitioners provide the Secretary with documentation establishing their appointment as the guardians of Morgan's estate. If petitioners are not authorized by a court of competent jurisdiction to serve as guardians of the estate of Morgan Alexandra Wyler at the time a payment pursuant to this Stipulation is to be made, any such payment shall be paid to the party or parties appointed by a court of competent jurisdiction to serve as guardian of the estate of Morgan Alexandra Wyler upon submission of written documentation of such appointment to the Secretary.

14. In return for the payments described in paragraphs 8 and 9, petitioners, in their individual capacities and as legal representatives of Morgan, on behalf of themselves, Morgan, and her heirs, executors, administrators, successors or assigns, do forever irrevocably and unconditionally release, acquit and discharge the United States and the Secretary of Health and Human Services from any and all actions or causes of action (including agreements, judgments, claims, damages, loss of services, expenses and all demands of whatever kind or nature) that

3

have been brought, could have been brought, or could be timely brought in the Court of Federal Claims, under the National Vaccine Injury Compensation Program, 42 U.S.C. § 300aa-10 et seq., on account of, or in any way growing out of, any and all known or unknown, suspected or unsuspected personal injuries to or death of Morgan resulting from, or alleged to have resulted from, any of the vaccinations administered on August 21, 2006, as alleged by petitioners in a petition for vaccine compensation filed on or about November 20, 2009, in the United States Court of Federal Claims as petition No. 09-803V.

15. If Morgan should die prior to entry of judgment, this agreement shall be voidable upon proper notice to the Court on behalf of either or both of the parties.

16. If the special master fails to issue a decision in complete conformity with the terms of this Stipulation or if the Court of Federal Claims fails to enter judgment in conformity with a decision that is in complete conformity with the terms of this Stipulation, then the parties' settlement and this Stipulation shall be voidable at the sole discretion of either party.

17. This Stipulation expresses a full and complete negotiated settlement of liability and damages claimed under the National Childhood Vaccine Injury Act of 1986, as amended, except as otherwise noted in paragraph 9 above. There is absolutely no agreement on the part of the parties hereto to make any payment or to do any act or thing other than is herein expressly stated and clearly agreed to. The parties further agree and understand that the award described in this Stipulation may reflect a compromise of the parties' respective positions as to liability and/or amount of damages, and further, that a change in the nature of the injury or condition or in the items of compensation sought, is not grounds to modify or revise this agreement.

18. This Stipulation shall not be construed as an admission by the United States or the Secretary of Health and Human Services that any of the vaccines administered to Morgan on

4

August 21, 2006 caused Morgan to suffer an adverse reaction, any other injury, or her current condition.

22. All rights and obligations of petitioners hereunder shall apply equally to petitioners' heirs, executors, administrators, successors, and/or assigns as legal representatives of Morgan Alexandra Wyler.

END OF STIPULATION

/

/

/

/

/

/

/

/

/

/

/

/

/

/

/

/

/

5

Respectfully submitted,

PETITIONERS:

STACEY WYLER

RENEE WYLER

ATTORNEY OF RECORD FOR
PETITIONER:

LISA A. ROQUEMORE
Law Office of Lisa A. Roquemore
19200 Von Karman Avenue
Suite 500
Irvine, CA 92612
(949) 622-5572

AUTHORIZED REPRESENTATIVE
OF THE SECRETARY OF HEALTH
AND HUMAN SERVICES:

VITO CASERTA, M.D., M.P.H.
Acting Director, Division of
Vaccine Injury Compensation (DVIC)
Director, Countermeasures Injury
Compensation Program (CICP)
Healthcare Systems Bureau
U.S. Department of Health and Human Services
5600 Fishers Lane
Parklawn Building, Mail Stop 11C-26
Rockville, MD 20857

Dated: 13 November 2013

AUTHORIZED REPRSENTATIVE
OF THE ATTORNEY GENERAL:

VINCENT J. MATANOSKI
Deputy Director
Torts Branch
Civil Division
U.S. Department of Justice
P.O. Box 146
Benjamin Franklin Station
Washington, DC 20044-0146

ATTORNEY OF RECORD FOR
RESPONDENT:

CHRYSOVALANTIS P. KEFALAS by
Trial Attorney
Torts Branch
Civil Division
U.S. Department of Justice
P.O. Box 146
Benjamin Franklin Station
Washington, DC 20044-0146
(202) 616-9197

6